UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>) Case No. 1:25-cr-10045-PBS<br>LINA MARIA OROVIO-HERNANDEZ, )<br>)<br>Defendant. )<br>) | |

**GOVERNMENT'S TRIAL BRIEF**

The United States respectfully submits this memorandum in the above-entitled case, which is scheduled for trial on January 26, 2026.

**I.  SUMMARY OF THE GOVERNMENT'S CASE**

A. Facts[1]

In this case, the United States charges that Lina Maria Orovio-Hernandez ("the defendant") knowingly represented a Social Security number, which belongs to E.C., as her own on an application for a Massachusetts REAL ID; willfully and knowingly made a false statement in an application for a passport; knowingly, without lawful authority, used the means of identification of E.C. on an application for a passport; willfully and knowingly received Section 8 federal rental assistance benefits, Social Security disability benefits, and Supplemental Nutritional Assistance Program ("SNAP") benefits, which she knew to have been stolen; willfully and knowingly submitted a fraudulent voter registration; and willfully and knowingly submitted a fraudulent ballot in the November 5, 2024 general election.[2]

---

[1] The government previously filed a detailed recitation of facts in its detention appeal brief. *See* ECF 25 at 1-11.

[2] The parties are aware of the identity of the alleged victim, E.C., but initials are used herein to protect E.C.'s privacy.

At trial, the government intends to offer evidence that the defendant, a citizen of Colombia, applied for a Massachusetts REAL ID with the Massachusetts Registry of Motor Vehicles ("RMV") on April 11, 2024, using the name, date of birth, and Social Security number ("SSN") of a United States citizen, E.C. As part of the application, the defendant provided a Social Security card bearing the E.C. name and the SSN xxx-xx-6657, and a Certification of Birth from Puerto Rico bearing the name E.C. and a date of birth of xx/xx/1973. A photograph of the defendant was taken at the RMV on April 11, 2024. Based on the application and supporting identity documents, the RMV issued a Massachusetts REAL ID to the defendant in the E.C. identity on April 16, 2024.

The government expects the evidence to show that the defendant also used the E.C. identity when she submitted a passport application at the U.S. Post Office in Jamaica Plain, MA, on November 26, 2024. Her own photograph was affixed, but all of the identifying information was that of E.C., including the date of birth and Social Security number. She also submitted the same birth certificate and Social Security card in the name of E.C. as proof of identification.

Further, the government anticipates the evidence will show that the defendant used the E.C. identity to apply for and receive a federally subsidized Section 8 apartment in Jamaica Plain, MA on August 4, 2011. She entered a lease for this apartment on October 1, 2011. Once again, the defendant used E.C.'s date of birth and Social Security number on the application, and submitted earlier versions of a Social Security card, Puerto Rico birth certificate and Massachusetts driver's license – all in the name of E.C. She also used these identifiers and submitted an updated Massachusetts driver's license and replacement Social Security card in the name of E.C. when she applied to move into another federally subsidized unit at the same apartment complex and entered into another lease agreement on April 1, 2017. Between October 2011 and January 2025, the defendant fraudulently received $259,589 in Section 8 rental assistance benefits based on her false

representation that she was E.C.

The government also expects the evidence will show that the defendant submitted an application to the Social Security Administration ("SSA") for Supplemental Security Income ("SSI") disability benefits on June 8, 2014 using E.C.'s date of birth and Social Security number. Between July 2014 and January 2025, the defendant fraudulently received $101,257 in SSI benefits based on her false representation that she was E.C.

Additionally, the government will offer evidence that the defendant applied for SNAP benefits (i.e., food stamps) on April 8, 2005, using E.C.'s Social Security number and date of birth, and continued to use the E.C. identity in annual SNAP recertifications through 2013. During these recertifications, the defendant also provided a copy of a temporary Massachusetts driver's license issued June 6, 2007, as proof of identification, with her picture affixed. Between April 2005 and January 2025, the defendant fraudulently received $43,348 in SNAP benefits based on her false representation that she was E.C.

The government expects the evidence will show that the defendant submitted a fraudulent voter registration in the name of E.C. using her date of birth and Social Security number when she applied for a learner's permit at the RMV on January 11, 2023, and claimed that she was a U.S. citizen. The RMV took a picture of the defendant when she submitted the application with the voter registration.

Finally, the government will introduce evidence that the defendant cast a ballot in-person during the November 5, 2024 general election that included candidates for federal office. The parties have stipulated that the defendant made a post-*Miranda* statement to law enforcement on February 10, 2025, that she voted for a candidate for President of the United States during the November 2024 election. ECF 131 at para. 3. The government will seek to admit the remainder

of the defendant's recorded admissions to law enforcement that she voted in the election and describing the polling place where she voted. Additionally, the government expects the evidence will include a still image from an ATM surveillance camera on election day at a Citizens Bank branch a few blocks from the polling place and defendant's apartment depicting the defendant wearing an "I voted" sticker.

At trial, the government expects to introduce evidence that SSN xxx-xx-6657 is a valid number that was assigned to the actual E.C. by the Social Security Administration.

The defendant is not E.C. Rather, the defendant is a citizen of Colombia. The government expects to introduce the defendant's cedula, an identity document issued by Colombia, which bears the defendant's photograph and fingerprints. Additionally, the government will seek to admit into evidence the defendant's Colombian birth certificate and her Colombian passport history. Further, the government will offer into evidence a September 25, 2003 non-immigrant visa application in the defendant's actual Colombian identity that she submitted at the U.S. Embassy in Bogota, which bears her picture. The government also expects the evidence will include a Colombian birth certificate for the defendant's sister, Saida Lucero Lujan Hernandez, and travel-related documents demonstrating that her sister has been visiting her in Boston.

The defendant, posing as E.C., was interviewed by the Diplomatic Security Service ("DSS") in relation to her passport application on December 23, 2024. The interview was recorded. At that time, the defendant consented to being fingerprinted. On or about January 2, 2025, the fingerprints from this encounter were forwarded to the Worcester Police Department Latent Print Unit. The fingerprints associated with the defendant's cedula were compared to fingerprints taken from the defendant, posing as E.C., by DSS. The comparison showed that the fingerprints belonged to the same individual, the defendant. The fingerprint examiner performed

4

another analysis on October 1, 2025, when DSS provided a certified copy of the cedula. That comparison also showed that the prints obtained by DSS in December 2024 and the prints on the certified Colombian cedula came from the same source.

The government will also seek to introduce evidence from the defendant's phone and residence that were obtained pursuant to a search warrant. Specifically, a receipt in the defendant's apartment bears the name "Lina Hernandez." Additionally, the defendant's phone contained an iOS user dictionary entry for "Lina"; a photograph of a florist card from Colombia signed "Lina Orovio"; a photograph of her sister's Colombian passport; and search and browsing history related to Colombia, such as inquiries on where to renew a Colombian passport in Boston and whether the Department of State required fingerprints of visa applicants at the U.S. embassy in Colombia.

B. <u>Elements of the Offenses</u>

<u>Count One</u>: In order to obtain a conviction for False Representation of a Social Security Number, in violation of 42 U.S.C. § 408(a)(7)(B), the Government must prove the following elements:

1. The defendant willfully and knowingly represented to someone, for any purpose, that the Social Security number described in the Superseding Indictment had been assigned to her by the Commissioner of Social Security;
2. The Social Security number, had not been assigned to the defendant; and,
3. The defendant made such representation with the intent to deceive.

<u>Count Two</u>: In order to obtain a conviction for False Statement in Application for Passport, in violation of 18 U.S.C. § 1542, the Government must prove the following elements:

1. The defendant willfully and knowingly made a false statement in an application for a United States passport; and,

2. The defendant made the false statement for the purpose of causing issuance of a passport for her own use.

<u>Count Three</u>: In order to obtain a conviction for Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A, the Government must prove the following elements:

1. The defendant committed the felony violation of False Statement in Application for a Passport;

2. During and in relation to the felony violation of False Statement in Application for a Passport, the defendant knowingly used a means of identification without lawful authority;

3. The means of identification actually belonged to another person; and,

4. The defendant knew that the means of identification belonged to another person.

<u>Counts Four, Five, and Six</u>: In order to obtain a conviction for Receiving Stolen Government Money or Property, in violation of 18 U.S.C. § 641, the Government must prove the following elements:

1. The defendant knowingly received, concealed, or retained money or property of value;

2. The money or property belonged to the United States;

3. The defendant knew that the money or property had been embezzled, stolen, or converted; and,

4. The defendant intended to convert the money or property to her own use or gain.

<u>Count Seven</u>: In order to obtain a conviction for Fraudulent Registration, in violation of 52 U.S.C. § 20511(2)(A), the Government must prove the following elements:

1. The defendant procured or submitted a voter registration application that was materially false, fictitious, or fraudulent under Massachusetts law;

6

2. The defendant knew that the voter registration application was materially false, fictitious or fraudulent;

3. The voter registration application was procured or submitted in any election for federal office; and,

4. The defendant knowingly and willfully deprived, defrauded or attempted to deprive or defraud the residents of Massachusetts of a fair and impartially conducted election process.

Count Eight: In order to obtain a conviction for Fraudulent Voting, in violation of 52 U.S.C. § 20511(2)(B), the Government must prove the following elements:

1. The defendant procured, cast, or tabulated a ballot that was materially false, fictitious or fraudulent under the laws of Massachusetts;

2. The defendant knew the ballot was materially false, fictitious or fraudulent;

3. The ballot was cast in any election for federal office; and,

4. The defendant knowingly and willfully deprived, defrauded or attempted to deprive or defraud the residents of Massachusetts of a fair and impartially conducted election process.

## II.    LEGAL AND EVIDENTIARY ISSUES

The Government will seek to admit an official publication of the Social Security Administration ("SSA") as a self-authenticating document pursuant to Federal Rule of Evidence 902(5). *See* "Meaning of the Social Security Number," *Social Security Bulletin*, Vol. 45, No. 11 (November 1982), available at https://www.ssa.gov/policy/docs/ssb/v45n11/v45n11p29.pdf. Because this article comes from an SSA publication archived on the SSA's web site, it meets the requirements of Rule 902(5). *See, e.g., Hawkes v. BSI Fin., Inc.*, 444 F. Supp. 3d 260, 267 (D.

Mass. 2020) (collecting cases).³

Additionally, the Government has submitted a proposed special verdict form (ECF 155) for Counts Four, Five, and Six, charging defendant with Receiving Stolen Government Money or Property, in violation of 18 U.S.C. § 641. The third paragraph of 641 makes a violation punishable as a felony, but goes on to state that convictions where the value of the stolen property does not exceed $1,000 are only punishable as a misdemeanor. Accordingly, courts have approved of the use of special verdict forms calling for a jury to make a finding of guilt or innocence on a 641 charge before making a separate finding on whether the value of the property exceeds the felony threshold. *See Jalbert v. United States*, 375 F.2d 125, 126 (5th Cir. 1967) (per curiam) (cited with approval as to verdict form in *Heald v. Mullaney*, 505 F.2d 1241, 1246 n.6 (1st Cir. 1974)), *cert. denied*, 389 U.S. 899 (1967).

### III. LENGTH OF TRIAL

The Government expects the duration of its case-in-chief, exclusive of jury selection, will be approximately three to four days.

Respectfully submitted,

LEAH B. FOLEY
Acting United States Attorney

By: */s/ James J. Nagelberg*
JAMES J. NAGELBERG
Special Assistant U.S. Attorney

*/s/ Allegra K. Flamm*
ALLEGRA K. FLAMM
Assistant U.S. Attorney

---

³ The government is continuing to consult with defense counsel on whether there will be any objection to the admission of this document.

CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on January 22, 2026.

                                            */s/ James J. Nagelberg*
                                            James J. Nagelberg
                                            Special Assistant U.S. Attorney